Susana Veronica HERNANDEZ–DE GARCIA; et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74026.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 23, 2009.

Susana Veronica Hernandez-de Garcia, North Hills, CA, pro se.

· CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Susana Veronica Hernandez-de Garcia and her children, natives and citizens of El Salvador, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their appli-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cation for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

■ Even if Hernandez-de Garcia was credible, substantial evidence supports the IJ's denial of asylum because she failed to show past persecution or a well-founded fear on account of her membership in a particular social group, *see Molina–Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002), or on account of her actual political opinion or imputed political opinion, *see Santos–Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir.2008); *see also Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."). Hernandez-de Garcia also failed to show the government was either unable or unwilling to control the gangs. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1071–72 (9th Cir. 2005).

Because Hernandez-de Garcia failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1072.

■ Because Hernandez-de Garcia has not "specifically and distinctly argued and raised" the issue of CAT relief, she has waived that claim. *See id.* (quotation marks and citation omitted).

**PETITION FOR REVIEW DENIED.**